REQUESTED BY: Carol Schoenleber, Probation Administrator
You have asked several questions regarding the authority of a probation officer to take a juvenile into custody based upon a violation of probation. It is our opinion that under appropriate circumstances as defined by statute, a probation officer does have said authority. Neb. Rev. Stat. § 29-2266(2) provides:
 Whenever a probation officer has a reasonable cause to believe that a probationer has violated or is about to violate a condition of his probation and that the probationer will attempt to leave the jurisdiction or will place lives or property in danger, the probation officer shall arrest the probationer without a warrant and may call on any peace officer to assist him. Whenever a probationer is arrested, with or without a warrant, he shall be detained in a jail or other detention facility.
It is our opinion that this provision does not exclusively apply to adult offenders. While Neb. Rev. Stat. § 29-2260(1) states that the disposition of a person adjudicated under43-247(1), (b), (3)(b), or (4) will be controlled by the Nebraska Juvenile Code, there is no provision which limits the post-disposition custodial powers of the probation officer to adults alone.
When the foregoing statutes are read in concert with the juvenile code, the answer becomes more clear. Neb. Rev. Stat. § 43-253 discusses the powers of a probation officer with regard to temporary custody. It provides (among other things) that when a juvenile has been taken into custody by a peace officer pursuant to Neb. Rev. Stat. § 43-248 to 43-250, the child may be delivered to a probation officer. The probation officer may then make a preliminary determination as to whether the juvenile should be released to the custody of a parent or guardian or should be further detained in order to protect the child or prevent flight from the jurisdiction.
In our view, only a strained reading of these statutes would allow a probation officer to detain a nonadjudicated juvenile pending further hearings by a juvenile court, while making the same officer powerless to detain a juvenile on probation who has violated, or is about to violate, his or her probation and can be reasonably expected to either flee the jurisdiction or place lives or property in danger. Indeed, if a probation officer has reasonable cause to believe a juvenile meets the requirements of Neb. Rev. Stat. § 29-2266, it would follow that reasonable cause would also exist that said juvenile is "wayward or habitually disobedient, is uncontrolled by his or her parent, guardian, or custodian, . . . deports himself or herself so as to injure or endanger seriously the morals or health of himself, herself, or others; or is habitually truant from home or school. . . ." Neb. Rev. Stat. § 43-247(3)(b). More importantly, it would be only in the rarest of occasions that the temporary custody requirements of Neb. Rev. Stat. § 43-248 would not be met if the probation officer has reasonable cause to believe the provisions of § 29-2266(2) have been satisfied.
It is clear that when a juvenile violates a condition of probation, only the juvenile court may permanently modify the original disposition. See Neb. Rev. Stat. § 43-286(4). However, it would defeat the purpose of the juvenile code, i.e., to care for and protect the children within our borders, were a probation officer powerless to place into temporary custody a child who is at risk as described in Neb. Rev. Stat. §29-2266(2).
If a probation officer chooses to take a juvenile probationer into custody, the same preadjudication protocols as set out in Neb. Rev. Stat. § 43-248 to 43-259 should be observed. The issues of temporary placement or detention should be brought before the juvenile court promptly and within all statutory time limits. Such a process would serve the best interests of the child while respecting the rights of both the juvenile and his/her parents or guardian.
Sincerely,
 DON STENBERG Attorney General
 David K. Arterburn Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General